# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-50008
Summary Calendar

Stephen Luis Castillo

Plaintiff-Appellant

Rodolfo Rivera Munoz

Appellant

v.

Limestone County, Texas; The State of Texas;
The Limestone County Sheriff's Office;
Kelly Butler, Limestone County Sheriff's Office Deputy;
Flora Flippin; William Flippin, II; John Doe

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-207

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants appeal the dismissal of Castillo's, and others', lawsuit. The district court dismissed most of the claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; the court abstained from exercising jurisdiction over the request for injunctive relief; and, finally, the court awarded attorneys' fees to some defendants under 42 U.S.C. § 1988.

This appeal is frivolous. Appellants' briefs are a rambling diatribe. Federal Rule of Appellate Procedure 28(a)(9)(A) requires an appellant's brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Appellants here offer no cogent argument in their initial brief as to how the district court's analysis erred, nor do they cite to any relevant case law; Appellants only recite the substance of their historical grievances and reference the allegations from their complaint. By failing to brief adequately any arguments as to how the district court erred, Appellants have abandoned their claims on appeal.[1] We therefore AFFIRM the district court's decision.

Appellants have also filed a motion with this court to "recognize endemic blind racism." This motion is DENIED.

AFFIRMED; MOTION DENIED.

---

[1] See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal. . . . A party who inadequately briefs an issue is considered to have abandoned the claim.").